# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-04V
### Filed: April 2, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| MICHELLE RENAUD *and* MICHAEL | * | UNPUBLISHED |
| RENAUD, *as Parents and Natural* | * | |
| *Guardians of Minor*, L.R., | * | |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| v. | * | Transverse Myelitis ("TM"); DTaP, |
| | * | IPV/OPV, PCV-13, Hep B, and Rotavirus |
| SECRETARY OF HEALTH | * | vaccinations. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Kate G. Westad, Esq.*, Larkin Hoffman, et al, Ltd., Minneapolis, MN, for petitioners.
*Claudia B. Gangi, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On January 2, 2014, Michelle Renaud and Michael Renaud ("petitioners") filed a petition on behalf of of their minor daughter, L.R., pursuant to the National Vaccine Injury Compensation Program.[2] Petitioners allege that L.R. suffered from acute-onset Transverse Myelitis ("TM") as a result of receiving a DTaP, IPV/OPV, PCV-13, Hep B, and Rotavirus vaccinations on October 3, 2011. Petition, ECF No. 1. Respondent denied causation;

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

nevertheless, on April 2, 2018, the parties filed a joint stipulation agreeing to settle this case. Stipulation, ECF No. 66. Respondent agrees to issue the following payment:

> a. A lump sum of $1,071,714.33, which amount represents compensation for first year life care expenses ($240,417.25), lost future earnings ($581,297.08), and pain and suffering ($250,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of L.R. for the benefit of L.R. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of L.R.'s estate;
>
> b. A lump sum of $110,286.61, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Michelle and Michael Renaud; and
>
> c. An amount sufficient to purchase the annuity contract described in paragraph 10 of the attached Stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| Michelle and Michael Renaud, as parents and natural guardians of minor L.R.,<br><br>　　　　　　Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | No. 14-4V<br>Special Master Roth |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, L.R., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to L.R.'s receipt of the DTaP, IPV/OPV, PCV-13, Hep B, and Rotovirus vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. L.R. received the immunizations on October 3, 2011.

3. The vaccines were administered within the United States.

4. Petitioners allege that L.R. suffered from acute-onset Transverse Myelitis ("TM") as a result of receiving the vaccines.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of L.R. as a result of her condition.

6. Respondent denies that the vaccines caused L.R. to suffer from TM, or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $1,071,714.33, which amount represents compensation for first year life care expenses ($240,417.25), lost future earnings ($581,297.08), and pain and suffering ($250,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of L.R. for the benefit of L.R. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of L.R.'s estate;

> b. A lump sum of $110,286.61, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Michelle and Michael Renaud; and

> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.     A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

> b.     Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

> c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

> d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of L.R., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioners, as the court-appointed guardian(s)/conservator(s) of the estate of L.R. for the following items of compensation:

   a. For future unreimbursable Health Insurance Maximum-Out-of-Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,500.00 to be paid up to the anniversary of the date of judgment in year 2037, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

   b. For future unreimbursable Affordable Care Act Maximum-Out-of-Pocket expenses, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $7,150.00 to be paid up to the anniversary of the date of judgment in year 2076, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

   c. For future unreimbursable Affordable Care Act Premium expenses, beginning on the anniversary of the date of judgment in year 2064, an annual amount of $2,438.40 to be paid up to the anniversary of the date of judgment in year 2076, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

   d. For future unreimbursable Medicare Part B Premium, Medicare Supplement, and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2076, an annual amount of $4,150.34 to be paid for the remainder of L.R.'s life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

   e. For future unreimbursable Home Health Aide expenses, beginning on the first anniversary of the date of judgment, an annual amount of $44,000.00 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $30,800.00 to be paid up to the anniversary of the date of judgment in year 2033. Then, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $23,562.00 to be paid up to the anniversary of the date of judgment in year 2051. Then, beginning on the anniversary of the date of judgment in year 2051, an annual amount of $27,489.00 to be paid up to the anniversary of the date of judgment in year 2061. Then, beginning on the anniversary of the date of judgment in year 2061, an annual amount of $28,028.00 to be paid up to the anniversary of the date of judgment in year 2071. Thereafter, beginning on the anniversary of the date of judgment in year 2071, an annual amount of $40,040.00 to be paid for the remainder of L.R.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

3

f. For future unreimbursable Nurse for Catheterization expenses, beginning on the first anniversary of the date of judgment, an annual amount of $21,000.00 to be paid up to the anniversary of the date of judgment in year 2021, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Power Scooter expenses, on the anniversary of the date of judgment in year 2029, a lump sum of $3,000.00. Then, on the anniversary of the date of judgment in year 2036, a lump sum of $3,000.00. Thereafter, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $428.57 to be paid for the remainder of L.R.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

h. For future unreimbursable RT300 FES rehabilitation therapy bicycle expenses, on the anniversary of the date of judgment in year 2025, a lump sum of $15,450.00. Thereafter, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $772.50 to be paid for the remainder of L.R.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

i. For future unreimbursable Electrodes for FES bicycle, TENS Electrode, and Walking Aide Electrode expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,719.00 to be paid for the remainder of L.R.'s life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

j. For future unreimbursable EMPI TENS Unit and Walking Aide Unit expenses, on the anniversary of the date of judgment in year 2021, a lump sum of $32,256.00. Then, on the anniversary of the date of judgment in year 2025, a lump sum of $32,256.00. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $788.25. Then, on the anniversary of the date of judgment in year 2029, a lump sum of $32,256.00. Then, on the anniversary of the date of judgment in year 2033, a lump sum of $32,256.00. Then, on the anniversary of the date of judgment in year 2037, a lump sum of $33,044.25. Thereafter, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $8,142.83 to be paid for the remainder of L.R.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

k. For future unreimbursable Modified Van expenses, on the anniversary of the date of judgment in year 2024, a lump sum of $40,000.00. Then, on the anniversary of the date of judgment in year 2031, a lump sum of $40,000.00. Then, on the anniversary of the date of judgment in year 2038, a lump sum of $40,000.00. Thereafter, beginning on the anniversary of the date of judgment in year 2039, an annual amount of $5,714.29 to be paid for the remainder of L.R.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

l. For future unreimbursable Shower Commode Chair expenses, on the anniversary of the date of judgment in year 2076, a lump sum of $500.00. Thereafter, beginning on the anniversary of the date of judgment in year 2077, an annual amount of $50.00 to be paid

for the remainder of L.R.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

m. For future unreimbursable Adaptive Therapy Allowance expenses, on the anniversary of the date of judgment in year 2021, a lump sum of $2,500.00, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

n. For future unreimbursable Miralax, Suppository, Calcium, and OTC Medication expenses, beginning on the first anniversary of the date of judgment, an annual amount of $678.00 to be paid for the remainder of L.R.'s life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

o. For future unreimbursable Glove, Lubricant, Diaper, and Wipe expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,188.00. Thereafter, beginning on the second anniversary of the date of judgment, an annual amount of $738.00 to be paid for the remainder of L.R.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

p. For future unreimbursable Travel to Kennedy Krieger Institute expenses, beginning on the first anniversary of the date of judgment, an annual amount of $8,788.00 to be paid up to the anniversary of the date of judgment in year 2033. Then, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $4,394.00 to be paid up to the anniversary of the date of judgment in year 2061, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

q. For future unreimbursable Home Modification expenses, on the anniversary of the date of judgment in year 2034, a lump sum of $10,000.00. Then, on the anniversary of the date of judgment in year 2047, a lump sum of $10,000.00. Then, on the anniversary of the date of judgment in year 2076, a lump sum of $10,000.00, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment. The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as L.R. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, and the Life Insurance Company shall be provided within twenty (20) days of L.R.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of L.R. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of L.R.'s estate under the laws of the State of New Mexico. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of L.R.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of L.R. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of L.R. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of L.R., on behalf of themselves, L.R., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq.,

7

on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of L.R. resulting from, or alleged to have resulted from the vaccinations administered on October 3, 2011, as alleged by petitioners in a petition for vaccine compensation filed on or about January 2, 2014, in the United States Court of Federal Claims as petition No. 14-4V.

18. If L.R. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused L.R. to suffer from TM, or any other injury or condition.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of L.R.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*/s/ Michelle Renaud*
MICHELLE RENAUD

PETITIONER:

*/s/ Michael Renaud*
MICHAEL RENAUD

ATTORNEY OF RECORD FOR PETITIONERS:

*/s/ Kate G. Westad*
KATE G. WESTAD, ESQ.
Larkin Hoffman
8300 Norman Center Drive
Suite 1000
Minneapolis, Minnesota 55437-1060
Tel: (952) 842-3227

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/ Narayan Nair*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 4-2-18

AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Claudia B. Gangi*
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616 - 4138